Tony Fu
5813 Geary Blvd., PMB 188
San Francisco, CA 94121
Tel:      (415) 867 - 5973
E-mail: Tonydxfu@gmail.com

Appellant in Pro Per

**FILED**

JUN 3 0 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re | Case No.:  16-CV-0305 RS |
| DEMAS WAI YAN aka DENNIS YAN | |
| Debtor, | Bankruptcy No: 04-33526-TC; Chapter 7<br>Adv. Proc. No. 12-3129 TC |
| Tony Fu, (Defendant) | |
| Appellant, | **APPELLANT OPENING BRIEF** |
| vs. | |
| Janina M. Hoskins, Trustee,<br>(Debtor Demas Yan, Plaintiff) | |
| Appellee. | |

# TABLE OF CONTENTS

Page

STATEMENT OF JURISDICTION...............................................1

APPELLANT'S STATEMENT OF ISSUES ON APPEAL....................1

STANDARD OF REVIEW...........................................................1

INTRODUCTION......................................................................2

STATEMENT OF FACTS AND THE CASE...............................3

LEGAL ARGUMENT.............................................................10

    A.  Leave to Sue the Trustee Should be Granted......................10

    B.  Appellant Has Standing to Sue.......................................15

    C.  Bankruptcy Court Abuses its Power to Not Permit
        Appellant to Sue Trustee in any Court.............................16

CONCLUSION......................................................................17

CERTIFICATE OF COMPLIANCE..........................................18

# TABLE OF AUTHORITY

Page

*Bennett v. Williams,* 892 F.2d 822, 823 (9th Cir.1989)....................11, 12

*Determan v. Sandoval (In re Sandoval)*186 B.R. 490 (9th Cir. BAP 1995)..16

*Hall v. Perry (In re Cochise College Park, Inc.),*
    703 F.2d 1339, 1357 (9th Cir.1983)....................................12

*In re McLinn,* 739 F.2d 1395, 1398 (9th Cir. 1984)(en banc)..................1

*In re Pecan Groves,* 951 F.2d at 245..........................................7

*In re: International Forex of California,* 247 B.R. 284.......................7

*In re Globe,* 867 F2d at 560.................................................9

*In re Tucker Freight Lines, Inc.),* 62 B.R. 213, 217 (W.D.Mich.1986).......12

*Jacksen,* 105 B.R. at 544..................................................12

*Kashani v. Fulton (In re Kashani),*
    190 B.R. 875, 883-85 (9th Cir.BAP1995).................................12

*Mullis v. United States Bankruptcy Court for Dist. of Nev.,*
    828 F.2d 1385, 1390–91 (9th Cir.1987), *cert. denied,*
    486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988)...............11

*Perroton v. Gray (In re Perroton),* 958 F.2d 889 (9 Cir. 1992)............16

Sansone v. Walsworth (In re Sansone),
99 B.R. 981, 987 (Bankr. C.D. Cal. 1989)...............................16

*United States v. Finley,* 301 F.3d 1000, 1007 (9th Cir. 2002)..............1

Page

28 U.S.C. § 158(a)(1)………………………………………………1

28 U.S.C. § 959(a)………………………………….…10, 12, 17

11 U.S.C. § 323(b)……………………………    ………………...10, 17

11 U.S.C. § 1106(a)(3)……………………………………………13

11 U.S.C. § 1106(a)(4)(A)………………………………………...13

11 U.S.C. § 704(a)(2)(3)(4)(7)…………………………………….13

11 U.S.C. § 521(a)(2)(B)………………………………………….13

*11 U.S.C. § 362(K)*…………………………………………...16

FRAP 32(a)(7)(C)……………………………………….....17

Ninth Circuit Rule 32-1…………………………………...…..17

## STATEMENT OF JURISDICTION

This is an appeal from the Bankruptcy Court Order Denying Leave to Sue Trustee filed on January 8, 2016. Appellant's Notice of Appeal was timely filed on January 15, 2016.

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1).


## APPELLANT'S STATEMENT OF ISSUES ON APPEAL

Appellant's issues on appeal are:

Whether the debtor's Trustee can be sued for fraud and gross negligent act.

Whether the Bankruptcy Court erred in its decision that Appellant is not permitted to sue the Trustee in any court even though the fraud and gross negligent act are material.


## STANDARD OF REVIEW

A question of law is reviewed de novo. *In re McLinn,* 739 F.2d 1395, 1398 (9th Cir. 1984)(en banc).

A trial court abuses its discretion when it bases its decision on an incorrect view of the law or a clearly erroneous finding of fact. *United States v. Finley,* 301 F.3d 1000, 1007 (9th Cir. 2002).

# INTRODUCTION

Co-Appellant Bryant Fu ("Bryant") has withdrawn from the appeal due to the lack of legal representation and the lack of required legal skill and knowledge necessary for handling this appeal brief. Co-Appellant Tony Fu ("Fu") has been ill and his illness has significantly affected the quality of this brief. Because the Court Order of May 24, 2016 has not permitted the full requested extension of time, Appellants believe that the Court may be under the impression that Appellants are trouble makers. But in fact, Appellants believe there is merit to their claims and the true trouble maker is debtor Demas Yan ("Yan") who had been filed multiple frivolous appeals in this Court and in the 9 Cir. Court in this case's history. Indeed, the 9 Cir. Court has found Yan's appeals frivolous and wholly without merit, case number 12-15204, on March 18, 2014. The 9 Cir. Court has just found another of Yan's appeal, case number 14-16937, to be frivolous on June 23, 2016. Appellant and other creditors are the victims of the Yan's abuse and his Trustee has allowed/encouraged for the perpetuation of such abuse. Appellant and other creditors have been prejudiced. Because Bryant fears that the Court may have a prejudicial view of the appeal and in preserving his rights, Fu takes on all responsibility to argue and to exercise his right to present his meritorious argument to the Court. This Appeal is all about the

law and the Bankruptcy Court shielding the Debtor's Trustee from liability is obviously putting her above the law.

## STATEMENT OF FACTS AND THE CASE

This is a case to sanction a fraud or promote injustice[1].

My opponents, Debtor Demas Yan ("Yan") and his father Cheuk Tin Yan, sued Appellant and his associates again and again maliciously and frivolously for more than a decade. Yan not only maliciously sued Appellant and anyone associated with him again and again, but he also sued Appellant's minor son, Bryant, at the time.

Despite the fact that the 9 Cir. Court sanctioned Yan $35,000 for Appellant and other creditors in 2014, not a penny has been honored because Yan is judgment proof. See the Judgment at Appellant's Excerpts of Record ("Appellant Record") at p. 61.

---

[1]  Appellant has standing under the Statute to assert his rights to file a complaint against the Debtor's Trustee for fraud and gross negligence. Appellant understands that he has limited knowledge about the law. Under the Yan's continuously attacks, Appellant now cannot afford competent legal representation, and Appellant fears that the Yans may evade punishment for his willful violations all because of his Trustee's fraud and gross negligence. Trustee's fraud and gross negligent acts had allowed Yan to fraudulently transfer his entire asset away to avoid being punished.

Despite the fact that both the bankruptcy court and State court designated Yan to be a vexatious litigant, Yan is still practicing law and maliciously prosecuting people.

The courts have found the Yans' multiple lawsuits and appeals were frivolous and maliciously prosecuted Appellant and Appellant's associates in willful violation of the automatic stay. In particular, the 9 Cir. Court in its March 18, 2014 Judgment condemned the Yan appeal as "frivolous and wholly without merit." See Appellant Record at p. 61. In this current appeal, Appellant seeks to assert his rightful legal claims under the law against Yan's Trustee's fraud and gross negligent act(s).

It is clear on the record that Appellant and other creditors are indisputable creditors of the Yan's bankruptcy estate and the Yan's bankruptcy Trustee should have pursued the Yans' willful violations of the automatic stay. But she has negligently not done so, causing Appellant and others damages.

From the evidence presented in the proposed complaint, for example, the property Yan owned has a value of 1 million HKD ($128,842) but Yan falsely declared it's valued at only 100,000 HKD ($12,884) on the bankruptcy schedule. This in turn was supported by the Trustee to claim the property was only valued at 12,500 USD when the valuation was supposedly

to be about 130,000 USD. See Appellant Record at p. 85. For another example, the Trustee may have taken a bribe (took it by her attorney according the Martin Eng Declaration) from the Debtor. See Appellant Record at p. 69. Even if she did not do so, her subsequent gross negligent act(s) in performing her trustee duties were demonstrated from her indifference and inaction to the Debtor's lawsuits (more than 6 frivolous appeals) attacking Chenery, the bankruptcy estate. Further, the Trustee falsely claimed those lawsuits were post petition (9 Cir. Order finally determined that it was not) and attempted to cover up Yan's misconduct. See one of the Trustee's false statements to the Court on Appellant Record at p. 124 17-24 that she claimed, "that the Trustee evaluated and said those are clearly property of the estate, and we told him (Yan) so, and he dismissed them...when there was something that was clear, he was told to dismiss it, and he did." That statement was patently untrue, otherwise, this Court and the 9 Cir. Court would not have judged Yan's multitude of appeals to be frivolous. These frivolous appeals were in fact promoted by the Trustee's fraud and/or gross negligent act which have caused harm to all creditors in the bankruptcy proceedings. For another example, the Trustee willfully did not post the required bond for the case by ignoring the Notice from the U.S. Trustee. See Appellant Record at p. 48. Appellant reasonably believes that

the Trustee has committed fraud and gross negligent acts in administrating the Yan's estate and bankruptcy affairs. Appellant has suffered from such acts. Had the debtor's Trustee not committed gross negligent acts, Yan would not be able to conduct so many frivolous lawsuits and appeals.

As the sole estate representative, the Trustee should have taken over the causes of action concerning Chenery, but the Trustee did not do any of that. Instead, the Trustee allowed Yan to continue abusing the system with one meritless lawsuit after the other. The Yan attacks were all aimed at Chenery, the bankruptcy estate, and to terrorize creditors of the estate. This could not possibly be a faithful performance of the trustee duties. The Trustee simply closed up the Yan bankruptcy case while the Yan appeals (causes of action attacking Appellant and other creditors and Chenery) were still pending (the 9 Cir. Court has just came down the final decision on June 23, 2016 finding this Yan's last appeal frivolous. The case number is 14-16937. This Court's case number is 3-14-cv-0085-RS). This kind of administration alone demonstrates gross negligence.

The Trustee's gross negligent act have caused Appellant and other creditors to incur unnecessary fees and damages. Appellant and other creditors should have been paid for at least the 9 Cir. Court's $35,000 judgment from prevailing against the Yan attack, but no one has received a

penny largely due to the fraud and gross negligent act of the Trustee in closing the Yan bankruptcy case before the judgment was paid. Appellant would have received this $35,000 judgment after the Yan's frivolous appeal if the Trustee followed the Bankruptcy Court Order not to giving back the debtor the estate money in the amount of about $175,000 "upon the closing of the case." See Appellant Record at p. 29 at footnote 1.

The lower courts reliance on Pecan Grove to decide Appellant's situation is incorrect. Appellant is the insider and creditor to the estate while Pecan Grove was the outside party. Assuming the debtor's Trustee has not committed any fraud or gross negligent act for turning a blind eye to the debtor's willful violations, this Court should still hold the Yans liable for their willful violations and the Trustee for gross negligent.

Appellant's situation is distinguishable from the case In re Pecan Groves in that "In re Pecan Groves to stand only for what it held -- that where a chapter 7 trustee opts not to appeal an adverse ruling on an alleged stay violation, intervening creditors may not do so. See *In re Pecan Groves, 951 F.2d at 245.*" This is a very concise opinion given by the Chief Judge Louise DeCarl Adler of the United States Bankruptcy Court in his ruling on *In re: International Forex of California*, 247 B.R. 284. Appellant's situation is similar to this International Forex of California case. Appellant's

case is distinguished from the Pecan Groves case in that Pecan Groves trustee opts not to appeal because of the business decision reason. In Appellant's case, the Trustee opts not to defend the willful violations attacking the estate because of fraud and gross negligent acts. The Trustee whose fraud and gross negligent act were apparently promoting the injustice that caused harms to Appellant and other creditors. This Court should stop the Trustee from hiding behind the technicality of where the trustee has justified reason(s) to opt not to intervene the Yan's frivolous lawsuits and appeals which were directly adverse to the bankruptcy estate.

Appellant has total conviction that the Trustee, as the sole representative of the bankruptcy estate, has committed fraud and gross negligent acts which were demonstrated when she refused to act on similar legal claims in the Chenery estate matter for which she intervened in previously. The record is clear that the Trustee intervened in only two (2) Yan lawsuits out of the nine (9) and all of which asserted legal claims of the Chenery estate. Appellant would have suffered adverse judgment(s) if Appellant has not defended against the Yans' lawsuits. By doing so, Appellant was protecting himself and the estate as well. The estate was intact all because of Appellant's involvement in fending off the attacks. Because Yans' every causes of action claimed the liability of Chenery, the

only bankruptcy estate, it would be impossible to stay intact without Appellant's involvement and defense. The Trustee knew that the Yans repeat attacks on Chenery were willful violations and frivolous as evidenced by the 9 Cir. judgment that states the Yan appeal was frivolous and wholly without merit. Yet, the Trustee closed the bankruptcy case knowing that it was the best way for the Yans to evade paying Appellant and others victims' damages, such as the $35,000 judgment from the 9 Cir. Court.

The Pecan Groves Court assembles the Pecan Groves situation to the case authority, *In re Globe,* 867 F2d at 560, states that "the Globe decision rested on the rationale that the stay does not protect the rights of outside parties. *Id.*" Globe in Pecan Groves is the outside party to the claims but Appellant is not.

Pecan Groves was only suitable for the Globe case and is clearly not suitable to be applied to Appellant's situation/case. Appellant is an indisputable inside party and creditor to the bankruptcy estate whose defense was essential to safe guard Chenery, the bankruptcy estate, from owing the Yans repeat violations. This is completely distinguishing from the Pecan Groves whose parties are outside parties.

Appellant and his associates are undisputed creditors and should be entitled to the damages the Yans caused, but the lower court is letting the

Yans' violations go unpunished to protect the Trustee's fraud and gross negligent act(s). The Law does not permit such fraud and gross negligent acts. Therefore, the lower court decision should be reversed.

## LEGAL ARGUMENT

### A.    Leave to Sue the Trustee Should be Granted

Leave to sue the Trustee should be granted.  Pursuant to 11 U.S.C. § 323, "(b) The trustee in a case under this title has capacity to sue and be sued." 28 U.S.C. § 959(a) states that "(a) Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property.  Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury."

As the Statute specifically states that the suit may be filed "without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property."  The Declaration of Martin Eng shows that the Trustee may have taken a bribe (took it by her attorney) from the Debtor.  This is fraud and the Bankruptcy

Court should not have blocked Appellant from filing the proposed complaint which can be filed according the Statute. Even if the Trustee did not actually commit such fraud, her subsequently committed gross negligent acts in performing her trustee duties were demonstrated by her indifference and inaction to the Debtor's lawsuits (more than 6 frivolous appeals) attacking Chenery, the bankruptcy estate. Further, the Trustee falsely claimed those lawsuits were post petition (9 Cir. Order finally determined that it was not) and so forth to willfully mislead the Court and other people. She willfully did not furnish the required Trustee Bond. She had done "good" business for the Debtor concerning her "acts" not to intervene the lawsuits and appeals attacking Chenery and that directly "connected with such Property." i.e. the administration of the bankruptcy estate. Plaintiffs were forced to defend and subsequently save the estate from the Debtor's attack which mounted up to $28 million.

The bankruptcy trustee is an "officer" of the appointing court. As an officer of the court, the trustee is entitled to a form of derivative judicial immunity from liability for actions carried out within the scope of the trustee's official duties. *Bennett v. Williams,* 892 F.2d 822, 823 (9th Cir.1989); *Mullis v. United States Bankruptcy Court for Dist. of Nev.,* 828 F.2d 1385, 1390–91 (9th Cir.1987), *cert. denied,* 486 U.S. 1040, 108 S.Ct.

2031, 100 L.Ed.2d 616 (1988); *Jacksen,* 105 B.R. at 544. However, a trustee is entitled to such immunity only if the trustee is acting within the scope of authority conferred upon the trustee by the appropriate statute(s) or the court. *Jacksen,* 105 B.R. at 545 (*citing, Central Transport, Inc. v. Roberto (In re Tucker Freight Lines, Inc.),* 62 B.R. 213, 217 (W.D.Mich.1986)). While a trustee is allowed to make reasonable mistakes where discretion is allowed, a trustee may be sued for intentional or negligent actions which amount to violations of the duties imposed upon the trustee by law. *Bennett,* 892 F.2d at 823; *Hall v. Perry (In re Cochise College Park, Inc.),* 703 F.2d 1339, 1357 (9th Cir.1983). This is exactly what Appellant intends to do i.e. to complain against the Trustee's intentional and gross negligent acts.

The Trustee's inaction and false claims to the Debtor's lawsuits and appeals attacking Chenery has breached her fiduciary duties in carrying out the administration of the estate. Therefore, 28 U.S.C. § 959(a) shall govern and it should be trial by jury. See *Kashani v. Fulton (In re Kashani),* 190 B.R. 875, 883-85 (9th Cir.BAP1995). Further, leave to sue should be granted due to the fraud (may have associated with the bribe) of the Trustee not to comply with the U.S Trustee Notice/Order, not to "tell" the Debtor to not continue filing lawsuits and appeals because Chenery causes of action

were not a post petition, and as a matter of fact, she conspired with the Debtor to claim the Chenery causes of action a post petition.

Further, the Trustee willful misconducts include concealing the true value of the Debtor's Hong Kong property and not sending out the notice to Plaintiffs concerning the final distribution to the Debtor in 2011. This deception is in direct violation of the Statutes, i.e., 11 U.S.C. § 1106(a)(3) which provides that: "(a) A trustee shall... (3) except to the extent that the court orders otherwise, investigate the acts, conduct, assets, liabilities, and financial condition of the debtor...." See also, 11 U.S.C. § 1106(a)(4)(A) provides that: "(4) as soon as practicable... (A) file a statement of any investigation conducted under paragraph (3) of this subsection, including any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor..." See also, 11 U.S.C. § 704(a)(2)(3)(4)(7) provides that "(a) Trustee shall... (2) be accountable for all property received; (3) ensure that the debtor shall perform his intention as specified in section 521 (a)(2)(B) of this title; (4) investigate the financial affairs of the debtor; (7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;" *The Trustee has done none of the above.* Further, the Trustee intentionally

closed up the bankruptcy case knowing that it was the best way for debtor Yan to evade paying Appellant's damages, such as the $35,000 judgment from the 9 Cir. Court. Trustee has knowingly enabled Yan to flout the court and creditors. Appellant is the obvious victim of the Yans repeat willful violations of the automatic stay and of the Trustee's fraud and gross negligent acts.

The Yans' repeat willful automatic stay violations are undisputed. If Appellant and other creditors did not stand up to defend against the Yans' claims/attacks which alleged (a) Appellant and other creditors defrauded them for the causes of action of Chenery and (b) the estate was wrongfully paying out to creditors. If the Yans' prevail on any of these causes of action, not only Appellant would suffer the adverse judgment but the estate would be impaired as well. In other word, the estate would end up owing money to the Yans as a consequence of Appellant's none-defense or failure to defend. The estate would end up paying to the Yans rather than to legitimate creditors, such as Appellant. This is the case, when Appellant fought back and enabled the Bankruptcy Court to dismiss the Yans repeat claims/attacks, the Yans appealed those orders multiple times frivolously. The Trustee knew and predicated that the Yans would eventually have to pay for their

violations such as the $35,000 judgment. She then simply closed up the bankruptcy case leaving Appellant nowhere to go to collect the judgment.

This is a very good example to see that the Trustee knew that the Yan's frivolous appeal would require Yan to pay and that the Trustee ought to pay Appellant per the judgment award against Yan from the estate funds. Instead of paying Appellant against the Yans violations, the Trustee chose to close up the bankruptcy case and intentionally led Appellant nowhere to get paid. Further, the Trustee's none involvement in Yan's repeat automatic stay violations demonstrated gross negligent acts in her failure to protect the estate and creditors alike. "...this shall not deprive a litigant of his right to trial by jury." Therefore, the Bankruptcy Court Order Denying Leave to Sue Trustee was not made according the law and the Bankruptcy Court has committed clear error in law in not permitting Appellant to file the proposed complaint.

## B.    Appellant Has Standing to Sue

Appellant should have the constitutional right to file meritorious legal claim under the law stated above. Yan's repeated filings in the state courts and willful violations of the automatic stay resulted in the Bankruptcy Court determining Yan to be a vexatious litigant. The Bankruptcy Court's 19

pages memorandum detailed the Yan's violations of the automatic stay when issuing the order determining Yan to be a vexatious litigant.

Yan is an attorney who is found in repeat willful violations of the automatic stay. He managed to escape from punishment because of the gross negligent act(s) of the Trustee resulting from direct damages to Appellant and other creditors.

Appellant is clearly entitled to damages such as the attorneys' fees and costs in bringing the willful stay violations to the attention of the Court; indeed the award of the damages is mandatory. See *11 U.S.C. § 362(K)*; *Sansone v. Walsworth (In re Sansone), 99 B.R. 981, 987 (Bankr. C.D. Cal. 1989)*. However, Appellant could not receive one penny due to the gross negligent act of the Trustee.

## C.   Bankruptcy Court Abuses its Power to Not Permit Appellant to Sue Trustee in Any Court

The Bankruptcy Court in its Order states that Appellant "should not be permitted to sue Trustee in any court..." was in error.

The 9 Cir. Court does not consider a bankruptcy court as a "court of the United States." *Perroton v. Gray (In re Perroton)*, 958 F.2d 889 (9 Cir. 1992); *Determan v. Sandoval (In re Sandoval)*, 186 B.R. 490 (9th Cir. BAP

1995). Therefore, a bankruptcy court has no power to impose such Order, hence, such Order should be reversed.

## CONCLUSION

For all the reasons set forth above and in the record, leave to sue the Trustee should be granted pursuant to 11 U.S.C. § 323(b) and 28 U.S.C. § 959(a).

The proposed complaint (Appellant Record at p. 6) has merit. Appellant has presented material facts showing the fraud and gross negligent act of the Trustee, in particular, the Declaration of Martin Eng to the State Bar (Appellant Record at p. 69) showing the Trustee attorney taking bribe is good evidence which is material and should be trialed by Jury. The law shall permit Appellant to sue for such fraud and gross negligent act; therefore, the Order of the Bankruptcy Court should be reversed.

Dated: June 29, 2016

Respectfully submitted,

_____
Tony Fu, Appellant in Pro Per

## CERTIFICATE OF COMPLIANCE

Pursuant to FRAP 32(a)(7)(C) and Ninth Circuit Rule 32-1, I certify that this brief is proportionately spaced, has a typeface of 14 points or more and contains approximate 3,655 words as counted by Microsoft Word 2003 word processing program used to generate this brief.

Dated: June 29, 2016

Tony Fu

<u>PROOF OF SERVICE</u>

Case: **16-CV-0305 RS**

I am a legal resident of the United States, over the age of eighteen, not a party to this action. My address is 331A 28th Ave., San Francisco CA 94121.

On June 29, 2016, I served the attached:

**APPELLANT OPENING BRIEF**

**APPELLANT EXCERPT OF RECORDS FOR APPEAL**

On the interested parties as follows:

Reidun Stromsheim, Attorney for Janina Hoskins
Stromsheim and Associates
11445 E. Via Linda, Ste. 2618 ,
Scottsdale, AZ 85259

__X__ BY FIRST CLASS MAIL: On the interested party named above in said cause, by placing a true copy thereof enclosed in a sealed envelope with the postage thereon fully prepaid, in the United States mail at <u>Postal Office, San Francisco</u> addressed as the above:

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on June 29, 2016, at San Francisco, California.


_P. Poon_____
Peter Poon