Tony Fu
5813 Geary Blvd., PMB 188
San Francisco, CA 94121
Tel:     (415) 867 - 5973
E-mail: Tonydxfu@gmail.com

Appellant in Pro Per

**FILED**

JUN 30 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re | Case No.: 16-CV-0305 RS |
| DEMAS WAI YAN aka DENNIS YAN | |
| Debtor, | Bankruptcy No: 04-33526-TC; Chapter 7<br>Adv. Proc. No. 12-3129 TC |
| Tony Fu, (Defendant) | |
| Appellant, | **APPELLANT EXCERPT OF RECORDS**<br>**FOR APPEAL** |
| vs. | |
| Janina M. Hoskins, Trustee,<br>(Debtor Demas Yan, Plaintiff) | |
| Appellee. | |

Appellants Tony Fu ("Fu") and Bryant Fu ("Bryant") hereby submit the following Excerpt of Records for the appeal.

| Document Description | Bankruptcy Court Doc. No. | Date filed | Page |
|---|---|---|---|
| Motion for Leave to Sue the Debtors Trustee | 65 | 12/03/2015 | 1-136 |
| Trustee Opposition to Motion for Leave | 66 | 12/11/2015 | 137-141 |
| Reply of Trustee's Opposition to Motion for Leave | 68 | 12/24/2015 | 142-149 |
| Order Denying Leave to Sue Trustee | 70 | 01/08/2016 | 150-152 |
| Reporter's Transcript of Hearing of 01/08/2016 | | | 153-171 |

Dated: January 23, 2016,

Respectfully Submitted,

*Tony Fu, Appellant in Pro Per*

*Bryant Fu, Appellant in Pro Per*

1  Tony Fu
   5813 Geary Blvd., PMB 188,
2  San Francisco, CA 94121
   (415) 867 – 5973
3  Email: tonydxfu@gmail.com

4  Bryant Fu
   337 28th Avenue
5  San Francisco, CA 94121
   (415) 221 – 0969
6
   Creditors in Pro Per
7

COPY

FILED

DEC – 3 2015

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

8              UNITED STATES BANKRUPTCY COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11

12  In re:                        ) Bankruptcy Court Case No: 04-33526 TC
                                   ) Chapter 7
13  DEMAS YAN ("Yan")             )
                                   ) Adversary Proceeding No.: 08-03166-TC
14  Debtor                        ) Adversary Proceeding No.: 12-03129-TC
                                   )
15                                 )
                                   )
16                                 ) NOTICE OF MOTION AND MOTION
                                   ) FOR LEAVE TO SUE THE DEBTOR'S
17                                 ) TRUSTEE IN THE UNITED STATES
                                   ) DISTRICT COURT
18                                 )
                                   )
19                                 ) Date:    January 8, 2016
                                   ) Time:    9:30 a.m.
20                                 ) Ctrm:    Hon. Thomas Carlson
                                   )          450 Golden Gate Avenue
21                                 )          San Francisco, California 94102
                                   )
22                                 )
                                   )
23 _____)

24

25

                MOTION FOR LEAVE TO SUE DEBTOR'S TRUSTEE    1

0001

## Notice of Motion

To Janina Hoskins:

NOTICE IS HEREBY GIVEN that on the above mentioned date, place, and time or as soon thereafter as the matter may be heard, Tony Fu ("Fu") and Bryant Fu ("Bryant"), will move the Court for leave to sue the Debtor Demas Yan ("Yan")'s Trustee Janina Hoskins in the United States District Court.

This Motion will be based on this notice of motion, on the memorandum of points and authorities, and on the attached copy of the proposed complaint served and filed herein, and on such and other evidence as may be presented at the hearing of the Motion.

Dated: December 2, 2015

Respectfully submitted,

By: _____
Tony Fu,
Creditor in Pro Per

By: _____
Bryant Fu,
Creditor in Pro Per

## Memorandum of Points and Authorities in Support

### Introduction

Fu and Bryant hereby move the Court and seek leave of Court for permission to file suit in the United States District Court against the Debtor Demas Yan's Chapter 7 Trustee Janina Hoskins ("the Trustee").

**Jurisdiction**

The Court has Jurisdiction over the subject matter of the claims alleged pursuant to 28 U.S.C. § 157, and venue is proper pursuant to 28 U.S.C. § 1409.

**Background Facts**

The compete background facts are stating in the attached proposed complaint.

**Legal Argument**

Leave to sue the Trustee should be granted. Pursuant to 11 U.S.C. § 323, "(b) The trustee in a case under this title has capacity to sue and be sued." 28 U.S.C. § 959(a) states that "(a) Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury."

As the Statute specifically states that the suit may be filed "without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property." The Trustee may have taken the bribe (took it by her attorney) from the Debtor. Even if she did not do so, her subsequently committed gross negligent in performing her trustee duties were demonstrated on her indifference and inaction to the Debtor's lawsuits (plus more than 6 frivolous appeals) attacking Chenery, the bankruptcy estate. Further, the Trustee falsely claimed those lawsuits were post petition (9 Cir. Order finally determined that it was not) and so forth to willfully mislead the Court and other people. She had done "good" business for the Debtor concerning her "acts" not to intervene the lawsuits and appeals attacking Chenery and that directly "connected with such Property." i.e. the administration of the bankruptcy estate. Plaintiffs were forced to defend and subsequently save the estate from the Debtor's attack which mounted up to 28 millions dollars.

1   The proposed complaint attached onto this motion specifically shows that the fraud and

2   gross negligent acts the Trustee has done, Fu and Bryant respectfully come before this Court

3   asking for permission for leave to sue the Trustee.

4       This motion is made due to the fact that a bankruptcy trustee is an "officer" of the

5   appointing court. As an officer of the court, the trustee is entitled to a form of derivative judicial

6   immunity from liability for actions carried out within the scope of the trustee's official duties.

7   *Bennett v. Williams,* 892 F.2d 822, 823 (9th Cir.1989); *Mullis v. United States Bankruptcy Court*

8   *for Dist. of Nev.,* 828 F.2d 1385, 1390–91 (9th Cir.1987), *cert. denied,* 486 U.S. 1040, 108 S.Ct.

9   2031, 100 L.Ed.2d 616 (1988); *Jacksen,* 105 B.R. at 544.  However, a trustee is entitled to such

10  immunity only if the trustee is acting within the scope of authority conferred upon the trustee by

11  the appropriate statute(s) or the court. *Jacksen,* 105 B.R. at 545 (*citing, Central Transport, Inc. v.*

12  *Roberto (In re Tucker Freight Lines, Inc.),* 62 B.R. 213, 217 (W.D.Mich.1986)).  While a trustee

13  is allowed to make reasonable mistakes where discretion is allowed, a trustee may be sued for

14  intentional or negligent actions which amount to violations of the duties imposed upon the

15  trustee by law. *Bennett,* 892 F.2d at 823; *Hall v. Perry (In re Cochise College Park, Inc.),* 703

16  F.2d 1339, 1357 (9th Cir.1983).  This is exactly what Fu and Bryant intend to do i.e. to

17  complaint against the Trustee's intentional and fraudulent acts along with other defendants.

18      The Trustee's inaction and false claims to the Debtor's lawsuits and appeals attacking

19  Chenery has breached her fiduciary duties in carrying out the administration of the estate.

20  Therefore, 28 U.S.C. § 959(a) shall govern and it should be trial by jury.  See *Kashani v. Fulton*

21  *(In re Kashani),* 190 B.R. 875, 883-85 (9th Cir.BAP1995).  Further, leave to sue should be

22  granted due to the fraud (may have associated with the bribe) of the Trustee not to comply with

23  the U.S Trustee Notice/Order, not to "tell" the Debtor to not continue filing lawsuits and appeals

24  because Chenery causes of action was not a post petition, and as a matter of fact, she conspired

25  with the Debtor to claim the Chenery causes of action a post petition.

1 Further, the Trustee willful misconducts include concealing the true value of the Debtor's

2 HongKong property and not sending out the notice to Plaintiffs concerning the final distribution

3 to the Debtor in 2011 in deceiving Plaintiffs and others in direct violation of the Statutes, i.e., 11

4 U.S.C. § 1106(a)(3) which provides that: "(a) A trustee shall... (3) except to the extent that the

5 court orders otherwise, investigate the acts, conduct, assets, liabilities, and financial condition of

6 the debtor...." See also, 11 U.S.C. § 1106(a)(4)(A) provides that: "(4) as soon as practicable...

7 (A) file a statement of any investigation conducted under paragraph (3) of this subsection,

8 including any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct,

9 mismanagement, or irregularity in the management of the affairs of the debtor..." See also, 11

10 U.S.C. § 704(a)(2)(3)(4)(7) provides that "(a) Trustee shall... (2) be accountable for all property

11 received; (3) ensure that the debtor shall perform his intention as specified in section 521

12 (a)(2)(B) of this title; (4) investigate the financial affairs of the debtor; (7) unless the court

13 orders otherwise, furnish such information concerning the estate and the estate's administration

14 as is requested by a party in interest;"

**Conclusion**

15

16 The Debtor's Trustee has breached her fiduciary obligations due to fraud and gross

17 negligence or willful misconduct in the execution of her statutory duties. This Court should

18 grant this motion and permit to file the attached proposed complaint in the United States District

19 Court to be trial by jury.

20 Dated: December 2, 2015

21 Respectfully submitted,

22

23 By: _____
    Tony Fu, Creditor in Pro Per

24

25 _____
    Bryant Fu, Creditor in Pro Per

Tony Fu
5813 Geary Blvd., PMB 188,
San Francisco, CA 94121
(415) 867 – 5973

Bryant Fu
337 28th Avenue
San Francisco, CA 94121
(415) 221 – 0969

Plaintiffs in Pro Per

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tony Fu, | ) Case No.: |
| Bryant Fu, | ) |
| | ) |
| Plaintiffs, | ) **Complaint For** |
| | ) |
| vs. | ) **False Claims, Conspiracy to Defraud and to** |
| | ) **Hide Assets;** |
| Janina Hoskins, | ) |
| | ) **Fraud and Deceit;** |
| John Chu, | ) |
| | ) **Negligent and Gross Negligent;** |
| Corporate Counsel Law Group, LLP, | ) |
| | ) **Breach Fiduciary Duty.** |
| Bartholomew Lee, | ) |
| | ) |
| Spiegel Liao & Kagay, LLP, | ) |
| | ) |
| and Does 1-10 | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) **Request to Trial by Jury** |
| | ) |
| | ) |

## Jurisdiction and Venue

1. Jurisdiction. Pursuant to 28 U.S.C. § 1334, this Court has jurisdiction over this complaint because the business transaction or disputes originated in and under the federal bankruptcy proceedings in this district. Debtor Demas Yan ("the Debtor" or "Yan") filed his bankruptcy petition on or about December 2004. The bankruptcy proceedings went on from about 2004 to 2014. The disputes and allegations in this complaint concern mostly the debtor's bankruptcy violations in his filing of frivolous lawsuits in the California Superior Court and appealed them to this Court frivolously and the Debtor's trustee has promoted such filings and prosecutions in bad faith. The trustee has intentionally and knowingly violated the laws and the trustee's duty. The trustee has committed gross negligent acts in performing her trustee duties. The governing law has that the Bankruptcy Court does have jurisdiction over the Debtor's state court lawsuits and appeals because the filing of a bankruptcy petition creates a bankruptcy estate, consisting of all of the debtor's legal or equitable interests in property "wherever located and by whomever held." 11 U.S.C. § 541(a). Thus, "[t]he district court in which the bankruptcy case is commenced obtains exclusive jurisdiction over all of the property in the estate." *Hong Kong and Shanghai Banking Corp., Ltd. v. Simon (In re Simon)*, 153 F.3d 991, 996 (9th Cir.1998). Moreover, this complaint concerns inter alia the false claims defendants made that may be governed under the federal law 31 U.S.C § 3729 et seq. and other applicable laws. Therefore, this complaint shall be adjudicated under the jurisdiction of this Court.

2. Venue. Venue is appropriate in this court because the disputes originated in this district, and a substantial amount of the acts and omissions giving rise to this complaint occurred in this district.

3. **Intradistrict Assignment.** This lawsuit should be assigned to the San Francisco Division of this Court because a substantial part of the events or omissions which give rise to this complaint occurred in San Francisco.

<u>**General Allegations**</u>

4. Plaintiff Tony Fu ("Fu") is, and at all relevant times was, an individual residing in San Francisco, California, U.S.A. and over the age of 18 year.

5. Plaintiff Bryant Fu ("Bryant") is, and at all relevant times was, an individual residing in San Francisco, California, U.S.A. and over the age of 18 year.

6. Fu and Bryant collectively may be called Plaintiffs. Bryant is the assignee of the claims of Wei Suen ("Suen") and Crystal Lei ("Lei"). True and correct copies of the Assignments are attached hereto as <u>Exhibit L & M</u>.

7. Plaintiffs are informed and believe and thereon allege the following: Defendant Janina Hoskins (her name originally was Janina Elder) ("Hoskins" or "Trustee") is, and at all relevant times was, an individual and as Trustee for the Debtor and conducting business in California. Defendant John Chu ("Chu") is, and at all relevant times was, an individual conducting business in San Francisco, California and he was former attorney for Suen. Defendant Corporate Counsel Law Group, LLP is, and at all relevant times was, a law firm conducting business in California. Defendant Bartholomew Lee ("Lee") is, and at all relevant times was, an individual conducting business in San Francisco, California and he was former attorney for Suen. Defendant Spiegel Liao & Kagay, LLP is, and at all relevant times was, a law firm conducting business in California. The above defendants may collectively be called Defendants.

8. The true names and capacities of the Defendants sued herein as Doe 1 through 10 are unknown or uncertain to Plaintiffs at this time and therefore each of said Defendants is

0008

sued under a fictitious name. Plaintiffs will seek leave of the court to insert the correct names of said Defendants when the names have been ascertained. Plaintiffs are informed and believe and allege thereon that each of the Defendants named herein as Doe participated in the acts set forth in this complaint ("the Complaint").

9. Plaintiffs are informed and believe and thereon allege that each of the Defendants was the agent of the others and was acting within the scope of that agency at all times relevant to this matter and that each of the Defendants named in the Complaint defrauded Plaintiffs.

10. Plaintiffs are informed and believe and thereon allege that each of the Defendants harmed and/or caused harm directly and/or indirectly to Plaintiffs.

11. Yan filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on December 19, 2004. The case was converted to Chapter 7 on September 15, 2006. Yan's bankruptcy was a shame. The relevant facts/events are detailed in the Bankruptcy Court's Memorandum re Motion to Dismiss and Order issued on February 18, 2011 ("the 2011 Memo") and attached hereto as Exhibit A & B. Please see more relevant facts below:

12. From about 2000 to 2003, Fu and the Debtor were partners in a real estate construction and development project located at 663 Chenery Street in San Francisco ("Chenery Property or Project"). Fu, who had been a licensed contractor, but was not one at the time of the development, never agreed to perform services on the Chenery Project as a contractor for hire; instead, Fu's entire involvement in the Chenery Project was as a co-equal investor with the Debtor. Stella Chen ("Chen") was the assignee of a lender to the Debtor who took as security for the loan a deed of trust against the Chenery Project.

13. When the Chenery Project was completed and marketed for sale in 2003, in an attempt to prevent Fu from sharing in the profits realized resulting from the sale of the Chenery Project, the Debtor unilaterally expelled Fu from the Chenery Project by initiating a

0009

1  lawsuit against Fu and Chen in San Francisco Superior Court (case No. CGC-04-428960)

2  on February 2004. This superior court lawsuit was removed to the Bankruptcy Court

3  after the Debtor filed for bankruptcy protection in December 2004.

4  14. In the Debtor's Superior Court lawsuit, he falsely alleged that he had engaged Fu as a

5  general contractor to work for him without the license that would be required if Fu

6  wished to be paid for his services. The Debtor denied that Fu had ever been his partner,

7  despite the written agreement between them that made clear the nature of their business

8  relationship. In addition to trying to deprive Fu of his partnership share of the profits that

9  would result from the sale of the Chenery Property, the Debtor sought to void Chen's

10  deed of trust against the Chenery estate as well.

11  15. The Bankruptcy Court issued a judgment and an amended judgment after a multi-day

12  trial in the removed proceeding, and the amended judgment later became the final

13  judgment in 2006. The final judgment ruled that the deed of trust was a separate

14  obligation that Yan, as the ultimate Debtor, was required to repay. The final judgment

15  also specified that "Demas Yan is entitled to no further relief against Stella Chen, Tony

16  Fu or Wei Suen."[1] However, the Bankruptcy Court erred in ruling that (a) Fu acted as an

17  unlicensed general contractor and, therefore, was not entitled to profits or any other

18  compensation from the Chenery Project/Property and (b) Wei Suen ("Suen"), as Fu's

19  assignee, therefore also was entitled to nothing. Suen timely filed an appeal to the district

20  court (case No. CV-06-0508) and the Debtor's Trustee, who was appointed by the Office

21  of the U.S. Trustee on or about May 16, 2006, acted as the Appellee in that appeal on

22  behalf of the Debtor. See the Notice of Appointment ("the Notice") attached hereto as

23  Exhibit C.

---

[1] Wei Suen was the assignee of Fu's interest in the Chenery Project/Property.

0010

16. The District Court, on December 12, 2007, issued an Order overturning the Bankruptcy Court's decision, which later became a final judgment in Fu's and Suen's favor.

17. On January 26, 2006, the Debtor filed another lawsuit in San Francisco Superior Court (case No. CGC-06-448895) against Fu and Crystal Lei ("Lei"), seeking to acquire Lei's interest in a promissory note from an individual named Augustine Fallay and to relitigate the question of whether Fu rendered unlicensed general contractor services in connection with the Chenery Project. On Nov. 15, 2006, Hoskins filed with the Court a "Notice of Appearance of Trustee Janina Elder, Real Party in Interest..." and removed the case to the Bankruptcy Court. The Bankruptcy Court later dismissed the case as meritless.

18. On June 27, 2007, the Debtor filed yet another lawsuit in San Francisco Superior Court (case No. CGC-07-464671) against Fu and Lei, alleging that Fu had committed fraud on the Debtor with respect to the Chenery Project and seeking to acquire Lei's interest on Lei's residence at 337-28th Avenue, San Francisco, and Fu's interest in a Toyota truck. On November 30, 2007, Hoskins filed with the Court a "Notice of Appearance of Trustee Janina Elder, Real Party in Interest..." and removed the case to the Bankruptcy Court. The Bankruptcy Court also dismissed this case as meritless. See the Notice of Appearance attached hereto as Exhibit O.

19. In sum, the Debtor has engaged in a pattern of ongoing, relentless, vexatious, and wholly meritless litigation against Fu and virtually anyone associated with Fu, including Bryant, Fu's son (a minor at the time), for a total of thirteen cases outside of the Bankruptcy Court. These are the cases: CCH-04-562167, CGC-04-428960, CGC-05-444856, CGC-06-448895, CGC-07-464671, CGC-07-467500, CGC-08-471333, CGC-08-478194, CGC-08-478815, CGC-09-489340, CGC-08-478364, CGC-10-501321 (cross complaint), and CGC-12-522566.

0011

20. Most of these lawsuits were bad faith attempts to relitigate issues disposed of in the Bankruptcy Court and in the District Court with respect to the various interests in and obligations with respect to the Chenery Property. These cases are: CGC-06-448895, CGC-07-464671, CGC-07-467500, CGC-08-471333, CGC-08-478194, CGC-08-478815, CGC-08-478364, CGC-10-501321 (cross complaint), and CGC-12-522566. The relevant details about some of the cases are as follows:

    a. In CGC-07-467500, the Debtor initiated suit against Fu and others in the San Francisco Superior Court on September 24, 2007, and amended the complaint on September 8, 2009. That suit demanded $5 million in damages for causes of action solely concerning the various interests in and obligations with respect to the Chenery Property;

    b. In CGC-08-478194, the Debtor initiated suit against Fu and others in the San Francisco Superior Court on August 4, 2008. That suit demanded $4 million in damages for causes of action solely concerning the various interests in and obligations with respect to the Chenery Property;

    c. In CGC-08-478815, the Debtor initiated suit against Fu and others in the San Francisco Superior Court on August 19, 2008. That suit demanded $7 million in damages for causes of action solely concerning the various interests in and obligations with respect to the Chenery Property;

    d. In CGC-08-478364, Cheuk Tin Yan ("Cheuk"), the Debtor's father, initiated suit (Plaintiffs believe the lawsuit was manipulated by the Debtor) against Fu and others in the San Francisco Superior Court on March 10, 2010. Cheuk in his verified complaint claimed that he was the owner of the Chenery Property. The suit demanded $5 million in damages for causes of action solely

0012

concerning the various interests in and obligations with respect to the Chenery Property;

    e.  In CGC-10-501321, the Debtor filed a cross complaint on August 9, 2010, in a lawsuit filed by Fu in the San Francisco Superior Court against the Debtor for defamation causes of action having nothing to do with the Bankruptcy proceeding. The Debtor's cross-complaint demanded of Fu and others $7 million dollars in damages for causes of action solely concerning the various interests in and obligations with respect to the Chenery Property; and

    f.  In the complaint (Case No. CGC-12-522566), the Debtor seeks to overcome and/or attack all of the courts' prior rulings by specifically asking for a Declaratory Relief from the Superior Court of California to grant him relief of the prepetition causes of action from the bankruptcy court and the district court so he could place the San Francisco Superior Court over the U.S. federal courts and attacks these courts' final judgments. Only one result would happen if Plaintiffs and other creditors were not to defend these attacks, millions of dollars in judgments in favor of the Debtor would issue against Plaintiffs and the estate would end up owing the Debtor because the sole estate fund came from selling Chenery and the main portion of the fund was used to pay for the courts judgments that Yan has continued to litigate. Although this case was defeated in the trial court and in the appeal court, Yan has taken it to the Ninth Circuit Court and the appeal statute is currently pending.

21. The Debtor's repeat malicious filings and prosecuting the "claims" totaling about 28 million dollars for damages with or by the causes of action of Chenery Property against Plaintiffs and other creditors. The Trustee purposefully stopped intervening after her in

0913

initial appearance. See the appearance of the Trustee at <u>Exhibit O</u>. Then, *Hoskins falsely*

*claimed that it was non of her business and even claimed those causes of action were*

*ambiguous and post petition.*

22. Hoskins knew and should have known that the Debtor's bad faith filings and prosecutions were in repeated violations of the automatic stay affecting the bankruptcy estate. Although she has an obligation to investigate or to intervene in the lawsuits or at the very least to file a report for such violations, rather, she breached her official duty i.e. faithful performance of the trustee duty, and ignored the request of Fu and others and show not only indifference to the Debtor's violations but also made false statements to the Court to help the Debtor to reverse Plaintiff's Judgment on the Pleadings. See the false statement of Joanne, attorney for the Trustee, attached hereto as <u>Exhibit S</u>, the warning from Fu as <u>Exhibit P & R</u>, and Judgment on the Pleadings as <u>Exhibit D</u>.

23. Undeterred by multiple sanctions and judicial decisions, in particular, the Debtor ignored the Court Order to dismiss cases CGC-07-467500, CGC-08-478364, and CGC-08-478815, entered against him, he further refused to dismiss these meritless lawsuits until after the Court issued a Contempt Order against him.

24. Back by Hoskins' "faithful performance" of not intervening in Yan's bad faith filings and prosecutions, Yan ignored the Contempt Order and filed yet another superior court lawsuit (case no. CGC-12-522566) against Plaintiffs and others. Without such "faithful performance," Yan would not have dared to file this frivolous lawsuit. This lawsuit was dismissed by the Bankruptcy Court and by the District Court as an appeal court as well and is currently on appeal to the Nine Circuit Court by Yan.

25. The Bankruptcy Court, on December 23, 2013, issued an Order determining Yan to be a vexatious litigant and the State Court issued the similar Order against him on April, 2015 as well. Subsequently, the Ninth Circuit Court of Appeal issued an Order against Yan's

0014

another appeal to the Ninth Circuit Court as "frivolous" and "wholly without merit" and award Plaintiffs and its associates attorneys fees and double cost in the amount of $35,004.71. The Ninth Circuit Court of Appeal Order is attached hereto as Exhibit G.

26. Not only had Plaintiffs experienced devastating emotional suffering in defending all these meritless and bad faith lawsuits, Plaintiffs have suffered huge attorney fees and costs as a result of the Yan's willful and deliberate misconducts. Yan's practice of filing or generating lawsuits against Plaintiffs and others on "specious" or "novel" theories occurred both before and after Yan became licensed to practice law. Although Yan was suspended by the State Bar of California due to professional misconduct for one year and now still on probation, his bad faith and abusive practices in his vexatious litigations have continued unabated. Order Granting Terminating Sanctions is one of the good examples to stop the Yan's abusive practice. This example is attached hereto as Exhibit T.

27. The Order show that Yan used Fang, his wife, to aid and abet his fraudulent transfer of assets and properties of 1.5 million. Yan could not succeed in doing all of the above without the help from Hoskins "faithful performance."

28. Yan is the mastermind in conducting various frivolous lawsuits against Plaintiffs. Yan have abused the legal system by claiming indigence to get waiver of court fees for most of the above cases despite the fact that he had earned or gotten $175,039.59 on or about November 8, 2011 by conspired with his "own" bankruptcy trustee and he has been very profitable in his various businesses.

29. The lawsuits Yan and his father filed and prosecuted mentioned above were conducted in such bad faith that no normal person could have experienced such a horrible situation Plaintiffs were forced in. Yan and his father willfully multiplied lawsuits with ill-faith and malicious purposes. For example, Yan and his father caused the filing of 3 lawsuits with malice against Plaintiffs and others in the San Francisco Superior Court within about

1   15 days interval in one particular month on August 2008 (cases number being CGC-08-

2   478364, CGC-08-478194 and CGC-08-478815 respectively). Plus an existing case CGC-

3   08-467500 filed on September 24, 2007, Cheuk and Yan had filed a total of 4 lawsuits

4   and placed 3 lis pendens onto Lei's home at a given time to overwhelm and to harass

5   Plaintiffs. Plaintiffs were saddled and suffered from extraordinary pain mentally and

6   economically.

7   30. The Yan and his father lawsuits here were not just mean-spirited or boorish; rather its

8   conduct reflected *a calculated plan* to conduct wave after wave of attacks with bad faith

9   lawsuits meant to destroy Plaintiffs and anyone associated with Plaintiffs. Bryant was a

10   minor at the time when he was named and attacked with these bad faith and frivolous

11   lawsuits. Yan and his father acted willfully, maliciously, oppressively, recklessly, and

12   with a conscious disregard for Plaintiffs rights and caused Plaintiffs serious financial and

13   emotional harms and damages.

14   31. As alter egos of each other, Yan and his father have subsequently prosecuted total of 6

15   frivolous appeals with improper purpose inter alia to delay the final resolution of the

16   lawsuits and to gain the time needed to effectuate the fraudulent transfer of assets and so

17   forth. Further, they effectuated and conducted the frivolous appeals as a weapon to

18   further destroy Plaintiffs with the unnecessary expenses and emotional suffering.

19   32. Ultimately, after defeating Yan and his father's about six appeals, Plaintiffs successfully

20   received from the Ninth Circuit Court an award of attorney fees in the amount of

21   $35,004.71 against Yan. The Court properly ruled that Yan's prosecution is "frivolous,"

22   "wholly without merit," and "sufficiently rooted in the pre-bankruptcy...and are properly

23   included as property of the bankruptcy estate under § 541. *Segal v. Rochelle*, 382 U.S.

24   375, 380 (1966)." But the Trustee continued to claim otherwise. See the Ninth Circuit

25   Court Order attached hereto as Exhibit G.

33. The above mentioned malicious prosecutions, in particular, the frivolous appeal certified by the Trustee to be post petition and that involved false certification which shall subject to prosecution under 31 U.S.C. § 3729. Under the Act. 31 U.S.C. § 3729(b), a person who acts in reckless disregard or in deliberate ignorance of the truth or falsity of the information, can be found liable.

**First Claim for Relief: False Claims, Conspiracy to Defraud and to Hide Assets**

(Against All Defendants)

34. Plaintiffs incorporate the allegations of each and every paragraph above as though fully set forth here. Upon information and believe, Plaintiffs allege the following:

35. At all times herein mentioned, the Debtor and his father were alter egos of each other and acted in concert and conspired with and/or aided and abetted each other to do the acts to cause harms to Plaintiffs. Yan is the mastermind in conducting various frivolous lawsuits against Plaintiffs. Yan has abused the legal system by claiming indigence for waiver of court fees for most of the above mention cases despite the fact that he had earned or gotten $175,039.59 on or about November 8, 2011 by conspired with his "own" bankruptcy Trustee and he has been very profitable in his various businesses. Yan also cheated the U.S. government fund with fake unemployment claims.

36. While representing his father maliciously prosecuting Plaintiffs, Yan falsely certified that his father was the owner of Chenery Property. This was an indirect attack the bankruptcy estate and the Trustee seem okay with it. If his father were the owner, he must have incurred property tax liability which he must have it evaded.

37. In order to destroy Fu, Yan falsely created material facts and asked his then good friend to back him up for a defamation complaint against Fu. Please see the Declaration of Martin Eng attached hereto as Exhibit H.

0017

38. Yan conspired with Hoskins to effectuate a false claim which at the time deceived not only all of the creditors but also the Bankruptcy Court that the Yan property value in HongKong has about only $12,500. But the true value of the property shows up about one million in the HongKong official report. See the Trustee's Individual Estate Property Record and Report attached hereto as <u>Exhibit K</u> and the HongKong official report concerning the subject property as <u>Exhibit J</u>.

39. Hoskins allowed the Debtor's wife, Fang, keeping the Yan's 1.5 million dollars estate in 2007 without even reporting it to the Court, allowed Fang to avoid the property tax liabilities and such material fact has been concealed and covered up until this Superior Court Order was issued. The Superior Court Order is attached hereto as <u>Exhibit T</u> at p.3. No doubt, Fang has evaded this 1.5 million dollars in property tax liabilities due to the "faithful performance" of the Trustee.

40. Yan conspired with Hoskins inter alia to make false report and to conduct illegal acts which shall subject to prosecution under 31 U.S.C. § 3729 and other applicable laws.

41. Lee and Chu intentionally and willfully gave false legal advices and provided defective legal services to their client. Lee even at a time threatened his client who would end up with nothing if his client insisted on his supposedly full recovery of $900,000. Such threat was made in bad faith and fraud. Further, when his client, Suen, insisted on his pursue of this about $900,000 recovery, Lee falsely claimed that the Debtor did not have enough fund for it.

### Second Claim for Relief: Fraud and Deceit

#### (Against All Defendants)

42. Plaintiffs incorporate the allegations of each and every paragraph above as though fully set forth here. Upon information and believe, Plaintiffs allege the following:

43. The preliminary report reviews that Yan has hided his assets and money in the hands of his father, Cheuk, and his wife, Fang, while he was in bankruptcy proceedings. See the preliminary report at <u>Exhibit N</u>. See also the Superior Court Order at <u>Exhibit T</u> showing that Fang help Yan to hide 1.5 million to defraud creditors, such as Plaintiffs. Yan must have conspired with Cheuk and Fang to defraud Plaintiffs because he knew that sooner or later Plaintiffs would come after him for huge amount of attorney fees and other costs for his frivolous and malicious prosecutions. The two orders, attached hereto as <u>Exhibit D &</u> <u>E,</u> indicated such real possibilities. No doubt, Yan also conspired with other defendants to help him to avoid such consequences.

44. Yan also conspired with Hoskins to under report his HongKong property value. See <u>Exhibit J & K</u>. They knew that hiding the true value of the property would mislead creditors and Plaintiffs alike to not fight for or maximize their entitled recovery or rights.

45. Hoksins later did not intervene or even promote Yan's lawsuits claiming post petition despite the fact that the Yan lawsuits were all about Chenery. Her obvious gross negligent in performing her trustee duties is largely associated with the bribe (Yan bribe her attorney, Joanne). See Eng's declaration at <u>Exhibit I</u>.

46. Chu and Lee knowingly and intentionally gave bad legal advices and provided defective legal services to their client and they knew that would cause irreparable harm to their client. At a time Lee even threatened his client who would end up with nothing when his client want full recovery i.e. $900,000 (instead of the $500,000 proposed by the Trustee). Such threat was made in bad faith and fraud. Further, when his client, Suen, insisted on his pursue of about $900,000 recovery, Lee falsely claimed that the Debtor did not have enough fund for it. The bribe Chu and Lee took from Yan was fraud and fraud on the court and that they completely betrayed their client and caused him harm and violated his rights. Their law firm should jointly and severally liable for their misconducts.

47. Defendants' acts and omissions fell far below the standard for a normal law firm and attorneys or trustee and were the direct and proximate cause of the resulting injuries to Plaintiffs. The Defendants false legal claims and unlawful conducts constituted oppression, fraud, and/or malice.

48. As a proximate and direct result of defendant's breaches as herein alleged, Plaintiffs were harmed. Had defendants not committed such and/or other breaches or violations, Plaintiffs would not have suffered the harms and damages alleged herein. Each and all defendants shall jointly and severally be held liable to such harms Plaintiffs have suffered.

49. Defendants' acts were deliberate, willful, malicious, oppressive and done with conscious (as they are professional attorneys/trustee and are held to have master knowledge of the law) disregard for Plaintiffs' rights justifying an award of exemplary and punitive damages in an amount to be determined by the court of law.

## Third Claim for Relief: Negligent and Gross Negligent

### (Against Hoskins)

50. Plaintiffs incorporate the allegations of each and every paragraph above as though fully set forth here. Upon information and believe, Plaintiffs allege the following:

51. Hoskins willfully and deliberately ignored the U.S. Trustee's Notice to obtain a trustee bond in the amount of $3,500,000. The Notice is attached hereto as Exhibit C.

52. This negligent act exposed creditors and interested parties in serious danger. Although there is a copy of the trustee blanket bond filed with the Office of the U.S. Trustee, Hoskins has not filed the required trustee bond with the Clerk of Bankruptcy Court for Debtor Yan's case.

0020

53. Plaintiffs are informed and believe and on that basis claims that the Hoskins is responsible for the pending appeals and those past Superior Court lawsuits filed by the Debtor attacking Chenery. Among them, the 3 lawsuits, in particular, filed by the Debtor against Plaintiff and other creditors under the main cause of actions of "the Chenery breach" in the San Francisco Superior Court. The incidents happened within about 15 days in the month of August 2008, when the Debtor filed the following cases: CGC-08-478364 (the case was for and in the name of the Debtor's father, Cheuk Tin Yan, who clamed ownership of Chenery Property), CGC-08-478194, and CGC-08-478815. Plus an existing case at the time (CGC-08-467500), which was filed on September 24, 2007, it added up to 4 lawsuits at a given time to overwhelm and to harass Plaintiff and other creditors and interested parties.

54. Hoskins has repeatedly refused to intervene in these complaints even though the complaints specifically attack Plaintiffs by the use of Chenery causes of action even after the Court found those filing were in bad faith and ordered the Debtor to dismiss them. See the Court rulings attached hereto as Exhibit A, B, E, F, and G. When the Debtor refuses to do so, Plaintiff demanded Hoskins to dismiss those meritless cases base on the Court Order, Hoskins, however, continued to ignore Plaintiff's justly demand despite the fact that her duty or statutorily requirements require of her at least to report such misconduct to the Court or using Hoskins' attorney's own word which was to "tell" the Debtor to dismiss those cases. Plaintiff's demand is attached hereto as Exhibit P & R and the transcript of proceedings showing the false statement of the Trustee's attorney as Exhibit S. Hoskins willfully and intentionally represented incorrect material fact to mislead the Court and other creditors including Plaintiffs to the advantage of the Debtor. The asset Debtor Yan has in HongKong contained a more than one million (HK dollars) in value, but when it was on the hands of Hoskins, it became only twelve thousand five

0021

1    hundred ($12,500). The Debtor's HK house value attached hereto as <u>Exhibit J</u> and

2    Hoskins valuation as <u>Exhibit K</u>.

3  55. Hoskins, as trustee, owed a professional duty to use the skill, prudence, and diligence as

4    other members of her profession commonly possess and exercise. These duties, which

5    arise under the standard of care, include but are not limited to properly investigate the

6    lawsuits the Debtor filed and take proper legal action under the given circumstance.

7  56. Now, Ninth Circuit Court Order clearly impeached Hoskins statements concerning the

8    Debtor's lawsuits. Her statements about the Debtor's lawsuits had nothing to do the

9    estate were false and intentional misrepresentation in order to justify her no action to

10    those lawsuits. This is gross negligent acts.

11  57. Such gross negligent acts have caused Plaintiffs suffered irreparable harms. These gross

12    negligent acts were in violation of the trustee duties and laws, including but not limit to,

13    11 U.S.C. § 1106(a)(3), 11 U.S.C. § 1106(a)(4)(A), 11 U.S.C. § 704(a)(2)(3)(4)(7), 11

14    U.S.C. § 523(a)(6), 11 U.S.C. § 554(a)(d), and 11 U.S.C. § 1302(b)(1).

15

16           **<u>Fourth Claim for Relief: Breach Fiduciary Duty</u>**

17         (Against Hoskins, Chu and his law firm, and Lee and his law firm)

18  58. Plaintiffs incorporate the allegations of each and every paragraph above as though fully

19    set forth here. Upon information and believe, Plaintiffs allege the following:

20  59. In violation to the above mentioned laws, Hoskins was indifferent and showed no

21    fiduciary responsibility in her role as trustee to Plaintiffs and other creditors. Why? See

22    the attach declaration of Martin Eng ("Eng") which would provide an answer and the

23    declaration is attached hereto as <u>Exhibit I</u>. Yan was the former personal attorney and

24    good friend to Eng. Eng disclosed the secrete "deal" between the Debtor and his trustee's

25    attorney and other individuals. With so much to hide and to violate Plaintiffs' rights,

0022

1    Hoskins was inter alia intentionally not sending out notice to Plaintiffs and interested

2    parties with regard to the final distribution in 2011. Hoskins knowingly in violation to 11

3    U.S.C. § 523(a)(6) in this regard.

4    60. Plaintiffs believe and on that basis claims that the Hoskins's refusal to intervene the

5    lawsuits attacking Plaintiffs by the use of Chenery causes of action was not a simple

6    "judgment call" or "discretion." Instead, it was willful and deliberate acts that was fraud

7    on the court and gross negligence. The refusal to resume the trustee responsibility as the

8    sole representative for the causes of action of Chenery was retaliatory and in absolute bad

9    faith against Plaintiffs.

10   61. In addition to Hoskins' willful and deliberate acts in providing incorrect statements in

11   official documents and court hearings that the Debtor's lawsuits applying cause of actions

12   of Chenery were ambiguous and post petition and so forth, she knew very well that the

13   Debtor's act or acts are prohibited act or acts, in particular, in repeat violation of the

14   automatic stay. Applicable laws or statutorily duty require Hoskins to stop the Debtors'

15   abuses, or at the very least, to report the Debtor's misconduct to the Court; rather, she

16   instruct her attorney to speak for the Debtor resulting the Court to reverse its Order which

17   was the Judgment on the Pleading at Exhibit D. Hoskins willfully and deliberately

18   disregarded the laws or statutes or her duties and continuously exposed Plaintiffs and

19   other creditors and the estate in harm's way.

20   62. From the Eng declaration, Plaintiffs understand now why Chu, Lee, and Hoskins at the

21   time defrauded Plaintiffs because Chu, Lee, and Joanne simply had taken the bribe from

22   Yan.

23   63. Chu and Lee owed a professional duty to use the skill, prudence, and diligence as other

24   members of their profession commonly possess and exercise. These duties arise under

25

the standard of care including but not limited to properly advising clients truthfully of the proper legal action to be taken under any given circumstance.

64. However, the superior legal knowledge and skills the Chu and Lee possessed were used to the detriment of their client and were used to cover up and/or concealment of their defective legal practices or wrongful acts.

65. When Suen relied on Chu and Lee's false legal advices and defective legal services, he resulted in irreparable harms.

66. Suen assumed Chu and Lee and their law firms' legal services were appropriate and correct and fully relied on them, but, he later discovered and found that substantial amount of the legal services provided to him were serious defective and harmed and/or caused harmed to him. Chu and Lee's acts and omissions fell far below the standard of care owed and were the direct and proximate cause of the resulting injuries to Suen. The false legal advices inter alia constituted oppression, fraud, and/or malice. Bryant, as assignee of Suen, should entitle to injunctive relief against Chu and Lee and their law firms named in this Complaint.

67. Defendants' acts were deliberate, willful, malicious, oppressive and done with conscious (as they are professional attorneys and are held to have master knowledge of the law) disregard for Plaintiffs' rights justifying an award of exemplary and punitive damages in an amount to be determined by the court of law.

### Prayer

Plaintiffs pray an order against Defendants as follows:

For an Order finding that Defendants committed fraud and other causes of action stated above harmed Plaintiffs directly and/or indirectly and Defendants are liable for Plaintiffs' emotional and economic damages;

0024

1    For general damages in the amount the Court deems fair and proper against each of the

2    Defendants;

3        For specific damages, including but not limit to emotional suffering, according to proof;

4        For costs of suit herein incurred including but not limited to attorney fees, and

5        For such other and further relief as the court may deem proper.

6    Dated: December 1, 2015

7

8                                    Respectfully submitted,

9

10   By: _____

11                                    Tony Fu,
                                     Plaintiff in Pro Per

12

13   _____

14                                    Bryant Fu,
                                     Plaintiff in Pro Per

15

16                          VERIFICATION

17       We verified that the above Complaint is true and correct to the best of my personal

18   knowledge. We have proof read for error and understand its contents.

19   Dated: December 1, 2015

                                     Respectfully submitted,
20

21

22   _____

23                                    Tony Fu,
                                     Plaintiff in Pro Per

24   _____

25                                    Bryant Fu,
                                     Plaintiff in Pro Per

## Exhibit Index

Exhibit A:  Memorandum re Motion to Dismiss, February 18, 2011

Exhibit B:  Order re Motion to Dismiss, February 18, 2011
            (Bankruptcy Court)

Exhibit C:  Notice of Appointment of Chapter 11 Trustee, Janina M. Elder
            (U.S. Trustee)

Exhibit D:  Judgment on the Pleading, February 26, 2009 (Bankruptcy)

Exhibit E:  Order re Motion for Order re Dismissal of Superior Court Cases
            and for Permission to File Motion for Fees and Sanction
            (Bankruptcy)

Exhibit F:  Order Affirming Decision of Bankruptcy Court (District Court)

Exhibit G:  Order and Memorandum, March 18, 2014 (9 Cir. Court)

Exhibit H:  Declaration of Martin Eng, August 19, 2013

Exhibit I:  Declaration of Martin Eng, January 23, 2015

Exhibit J:  The Land Registry (Hong Kong)

Exhibit K:  Individual Estate Property Record and Report Asset Cases

Exhibit L:  Assignment of Claims and Causes of Action (Wei Suen)

Exhibit M:  Assignment of Claims and Causes of Action (Crystal Lei)

Exhibit N:  Preliminary Report for Property at 242-248 5th Avenue, S.F.

Exhibit O:  Notice of Appearance of Trustee, Janina M. Elder

Exhibit P:  Tony Fu Letter of Nov. 23, 2009 to Janina Elder

Exhibit Q:  Janina Elder's Response to the Nov. 23, 2009 Letter

Exhibit R:  Tony Fu Letter of October 21, 2011 to Janina Hoskins

Exhibit S:  Transcript of Proceedings for April 3, 2009 Hearing

Exhibit T:  Order Granting Terminating Sanctions, November 4, 2015
            (Superior Court)

**Exhibit A**

Signed and Filed: February 18, 2011

THOMAS E. CARLSON
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DEMAS WAI YAN, aka DENNIS YAN,<br><br>Debtor. | Case No. 04-33526 TEC<br><br>Chapter 7 |
| CRYSTAL LEI,<br><br>Plaintiff,<br><br>vs.<br><br>DEMAS WAI YAN,<br><br>Defendant. | Adv. Proc. No. 10-3149 TC |
| TONY FU,<br><br>Plaintiff,<br><br>vs.<br><br>DEMAS YAN,<br><br>Defendant and Cross-Plaintiff,<br><br>vs.<br><br>TONY FU; aka DONG XING FU; CRYSTAL LEI, aka LI MING LEI; STELLA HONG CHEN, aka HONG XING FU, aka HONG XING CHEN; BRYANT FU; and WEI SUEN,<br><br>Cross-Defendants. | Adv. Proc. No. 10-3152 TC<br><br>**MEMORANDUM RE MOTIONS TO DISMISS, MOTION TO REMAND, AND REVOCATION OF ORDER ABANDONING CERTAIN ASSETS TO DEBTOR** |

EXHIBIT A

-1-

0028

1    This bankruptcy case has been pending before the court for more than six years. A trustee
2    was appointed more than four years ago. The assets of the estate have been liquidated and all
3    allowed claims have been paid in full with interest. What remains before the court are a series of
4    lawsuits in which Debtor seeks to assert legal claims that have been previously adjudicated against
5    him by this court, have been released by the trustee, or may be asserted only by the trustee. For the
6    reasons set forth below, the court dismisses with prejudice the claims released by the trustee or
7    previously resolved against Debtor. With respect to the remaining claims that passed to the
8    bankruptcy estate, the court vacates its prior order abandoning those claims to Debtor, and
9    determines that such claims shall not be abandoned to Debtor upon closing the case.[1]

10       This memorandum shall constitute the court's findings of fact and conclusions of law.

11   **FACTS**

12   1.   Debtor-Fu Joint Venture

13       In February 2000, Debtor Demas Yan purchased a single-family residence at 663 Chenery
14   Street, San Francisco (the Chenery Property). On October 18, 2000, Debtor and Tony Fu entered
15   into a written joint-venture agreement, which provided that Debtor was to contribute the Chenery
16   Property and costs of construction up to $300,000 in return for 75 percent of the sale proceeds, while
17   Fu was to supervise construction and supply all additional costs of construction in return for 25
18   percent of the sale proceeds. Fu later assigned all of his rights under the joint venture agreement to
19   Wei Suen.

20   2.   Secured Promissory Note from Debtor to Stella Chen

21       On November 12, 2002, Debtor executed a promissory note in favor of Stella Chen in the
22   amount of $450,000 (the Chen Note), secured by a deed of trust against the Chenery Property (the
23   Deed of Trust). The Chen Note was given in consideration of a loan Debtor obtained from a friend
24   or relative of Chen in February 2002.

25

26

27       [1] Because this is a surplus case, this court previously ordered abandoned to Debtor
28   prepetition claims owned by Debtor before the petition date, which passed to the estate upon the
     filing of the petition. Because Debtor has abused the bankruptcy process in the various ways
     described in detail below, the court vacates the abandonment order, and will enter an order
     preventing such claims from being abandoned to Debtor upon the closing of the case.

-2-

3. Pre-Petition Litigation, Voluntary Bankruptcy Petition, and Sale of the Chenery Property

On February 20, 2004, Debtor filed an action against Chen, Fu, and Suen in the San Francisco Superior Court seeking, *inter alia*, cancellation of the Chen Note and quiet title to the Chenery Property (Debtor's Prepetition Action).

On December 19, 2004, after the San Francisco Superior Court denied Debtor's motion to stop Chen's foreclosure of the Chenery Property, Debtor filed for chapter 11 bankruptcy relief. Protected by the automatic stay, Debtor was able to sell the Chenery Property in the chapter 11 case free and clear of liens and claims at a price sufficient to pay all allowed secured and unsecured claims. Chen's secured claim and Fu's asserted joint-venture interest attached to the sale proceeds.

4. The Bankruptcy Court Judgment

On January 25, 2005, Chen filed an adversary proceeding against Debtor in this court to determine the enforceability of the Chen Note and the Deed of Trust.

On March 17, 2005, Chen removed Debtor's Prepetition Action to this court. The bankruptcy court consolidated the removed action with the Chen adversary proceeding.

On March 3, 2006, this court entered a judgment that determined the parties' respective legal rights regarding the Chenery Property (the Bankruptcy Court Judgment). This court awarded Chen $767,655, which included principal, prejudgment interest, attorney fees, and costs. The court determined that Debtor had no enforceable obligation to Fu or Suen, and that Fu, Suen, and Chen had no obligation to Debtor.

5. Appeals of the Bankruptcy Court Judgment

Chen appealed the bankruptcy court's disallowance of part of her claim for prejudgment interest and attorneys fees. Chen later settled this appeal (*see infra* p. 4).

Suen appealed the bankruptcy court's determination that Fu was barred by Cal. Bus. & Prof. Code § 7031 from sharing the joint-venture proceeds because he was an unlicensed contractor. Suen prevailed on appeal. The District Court held that Fu had an enforceable claim to a share of the Chenery sale proceeds and that Suen was entitled to Fu's share. Suen later reached a settlement regarding the amount of these proceeds (*see infra* p. 6). The District Court decision did not disturb the bankruptcy court's determination that Debtor had no enforceable claim against Fu arising out of the joint venture.

-3-

0030

1      Fu did not appeal the Bankruptcy Court Judgment. Debtor's appeal of the Bankruptcy Court

2 Judgment was dismissed.

3 **6.  Trustee Becomes Estate Representative**

4      On May 12, 2006, the bankruptcy court ordered the appointment of a trustee. The United

5 States Trustee selected Janina M. Hoskins[2] to serve as the chapter 11 trustee (Trustee).

6 **7.  Claims Filed Against the Estate by Crystal Lei**

7      Fu's ex-wife, Crystal Lei, filed two proofs of claim against the bankruptcy estate. On March

8 29, 2006, Lei filed a general unsecured claim (no. 11) in the sum of $67,937, based on Debtor's

9 alleged breach of contract. On October 13, 2006, Lei filed a second unsecured claim (no. 16) in the

10 sum of $88,111, based on Debtor's alleged failure to repay an installment note.

11 **8.  Trustee's Settlement with Chen**

12      On July 24, 2006, this court entered an order approving a settlement between Trustee and

13 Chen. The settlement resolved Chen's appeal regarding the amount due under the Chen Note. The

14 settlement agreement required Trustee to pay Chen $818,198, and provided that the parties to the

15 agreement released all claims against each other. Agmt, ¶¶ 2, 5, and 6. Specifically, the release

16 provides that:

17       the respective Parties to this Agreement, each acting on . . . her own behalf . . . do
      forever discharge the other . . . in all capacities, including individually, from any and

18       all actions, liabilities, . . . claims, [etc.] of every kind, nature and description,
      including, but not limited to, tort, arising out of the facts alleged with regard to the

19       Chen Proceeding. The Parties acknowledge and agree that *the foregoing releases*
      *shall extend to any and all adversary proceedings, proofs of claim or any other claims*

20       *by or against any Party hereto, their assignors and the Debtor.*

21 Id., ¶ 5 (emphasis added). The settlement also includes a waiver of each party's rights under

22 California Civil Code § 1542. No one appealed from the order approving the Chen settlement.

23 **9.  Conversion to Chapter 7 and Discharge of Debtor**

24      On September 15, 2006, the court ordered the case converted to chapter 7. Ms. Hoskins

25 continued to serve as Trustee. On June 26, 2007, the court entered Debtor's discharge.

26

27

28     [2] When appointed to serve as Trustee, Ms. Hoskins' name was Janina M. Elder. Ms.
Hoskins' name changed from Janina M. Elder to Janina M. Hoskins on December 1, 2010.

-4-

0031

10. Debtor's Unauthorized State-Court Actions Asserting Prepetition Claims Owned by Trustee

On July 2, 2007, without permission of this court or Trustee, Debtor filed an action against Lei and Fu in San Francisco Superior Court[3] (the First State Court Action). That action asserted claims for fraud, quiet title, and conversion based on prepetition events regarding the Chenery Property and Lei's prepetition purchase of real property on 28th Avenue in San Francisco.

On July 26, 2007, Trustee removed the First State Court Action to this court.[4] On January 8, 2008, this court dismissed with prejudice the claims asserted against Fu in the removed action on the grounds that they were barred by the preclusive effect of the Bankruptcy Court Judgment. The court dismissed Debtor's claims against Lei without prejudice on the basis that they could only be asserted by Trustee.

On September 24, 2007, Yan filed another action against Lei and Fu in San Francisco Superior Court, this one for libel and slander, based upon postpetition, postconversion statements allegedly made by the defendants (the Second State Court Action).[5] Although the original complaint in the Second State Court Action alleged only claims arising postconversion, Debtor's second amended complaint filed in March 2010 alleges only prepetition claims for breach of fiduciary duty, unjust enrichment, and fraudulent transfer. Each claim in the second amended complaint arises out of prepetition conduct re the Chenery Property--the same nucleus of operative facts as that involved in the Bankruptcy Court Judgment.[6] The second amended complaint in the Second State Court Action attempts to skirt the prepetition nature of the claims by alleging that Debtor did not discover the facts underlying his claims until November 2006. As of February 2011, the Second State Court Action is still pending.

---

[3] Case No. 07-464671.

[4] Adv. Proc. No. 07-3082.

[5] Case No. 07-467500.

[6] Debtor filed the second amended complaint after the court entered the order abandoning prepetition claims to Debtor. However, his filing of the second amended complaint was wrongful, because the complaint asserts only prepetition claims that were released by Trustee or barred by the preclusive effect of the Bankruptcy Court Judgment. *See infra* p. 11.

-5-

0032

1        On January 24, 2008, again without permission of this court or Trustee, Debtor filed another

2  action against Lei and Fu in the San Francisco Superior Court (the Third State Court Action).[7]  The

3  complaint alleges that, sometime before February 2001, Debtor hired Lei and Fu to provide

4  construction services at 547 23rd Avenue and the Chenery Property, that Debtor paid Lei and Fu for

5  such services, and that Debtor was entitled to recoup such payments under state law because Lei and

6  Fu were not licensed contractors.  On July 16, 2008, Debtor dismissed this action without prejudice.

7  11.  Trustee's Settlements with Suen and Lei

8        On March 4, 2008, the court approved Trustee's settlement with Suen,[8] which was read into

9  the record at a mediation before Magistrate Judge Edward Chen in February 8, 2008.  The Suen

10  settlement provides that the parties mutually agree to waive:

11      any and all claims arising out of this particular transaction [Chenery Property], that is,
   the subject matter of this case and . . . include[s] *a waiver of all claims known or*

12  *unknown arising up through and including today*, and the parties would waive their
   rights under California Civil Code section 1542.

13  (emphasis added).  No appeal was taken from the order approving the settlement.

14        On May 29, 2008, the court approved a settlement between Trustee and Lei.  The Lei

15  settlement agreement required Trustee to pay Lei $45,000 in satisfaction of Lei's proofs of claim and

16  included broad, mutual releases of all claims (known and unknown) by Lei and Trustee.  Agmt. ¶¶ 2,

17  4-5.  The release provides in relevant part:

18      the respective Parties to this Agreement, each acting on her own behalf . . . do forever

19  discharge the other . . . in all capacities, including individually, from *any and all*
   *actions, liabilities, liens, debts, damages, torts, claims, suits, judgments, executions*

20  *and demand of every kind, nature and description, arising in the Case, and relating to*
   *the assets, liabilities and administration of the Case and Estate.*  The Parties

21  acknowledge and agree that the foregoing releases extend to adversary proceedings
   and proofs of claim in the Case.

22  Id., ¶ 4 (emphasis added).  The Lei settlement includes a waiver of California Civil Code § 1542, and

23  a clause entitling the prevailing party to recover attorneys fees related to enforcement of the

24  settlement.  Id., ¶ 12.  No one appealed from the order approving the Lei settlement.

25        Thus, by June 2008, Trustee had released all of the estate's prepetition claims against Chen,

26  Suen, and Lei.

27

28      [7]  Case No. 08-471333.

    [8]  Docket No. 299, Case No. 04-33526.

-6-

0033

1    12.   <u>State Court Action by Debtor's Father</u>

2        On August 7, 2008, Debtor's father Cheuk Yan (Debtor's Father) filed an action against Lei

3   and Fu for fraud, quiet title, conversion, and unjust enrichment in the San Francisco Superior Court

4   (the Cheuk Yan Action).[9] The complaint is virtually identical to the complaint filed by Debtor in the

5   First State Court Action and concerns the same prepetition events regarding the Chenery Property.

6   The only material difference between the First State Court Action and the Cheuk Yan Action is the

7   substitution of Debtor's Father for Debtor as plaintiff.

8        At a deposition, Debtor's Father testified that: (1) he did not know Lei; (2) he did not believe

9   Lei owed him money; (3) he was unaware of the majority of the factual allegations in the complaint

10   filed in the Cheuk Yan Action; (4) that he cannot read or write English; and (5) that he had not read

11   any of the pleadings he filed, and just signed the pleadings because Debtor told him to.[10]

12    13.   <u>Approval of Final Account and Payment of All Claims</u>

13        On March 18, 2009, this court approved Trustee's final account, which provided for payment

14   of all allowed claims in full with interest. On April 9, 2009, the court entered an order authorizing

15   Trustee to make distributions on the final account, and requiring Trustee to retain all surplus funds

16   (approximately $380,000) pending a determination on a disputed claim.

17    14.   <u>Abandonment of Prepetition Claims to Debtor</u>

18        On June 15, 2009, the court entered an order abandoning to Debtor the bankruptcy estate's

19   interest in all prepetition causes of action. The court did so because Trustee stipulated to

20   abandonment, and because the estate appeared to have a surplus after payment of allowed claims.[11]

21    15.   <u>Fu Defamation Action and Debtor's Cross-Claims (Adv. Proc. No. 10-3152)</u>

22        On July 6, 2010, Fu filed a complaint against Debtor in San Francisco Superior Court[12]

23   seeking damages for a defamatory statement Debtor allegedly made about Fu in 2010 (the Fu

---

25     [9]   Case No. 08-478364. On January 7, 2011, the Superior Court signed an order consolidating the Cheuk Yan Action with the Second State Court Action and Superior Court Case No. 08-478815. *See infra* p. 11 note 15.

27     [10]   Docket No. 21, Exh. I, Adv. Proc. No. 10-3149.

28     [11]   The order inadvertently was entered in *Fu v. Yan*, Adv. Proc. 08-3166, rather than in the main bankruptcy case.

    [12]   Case No. 10-501321.

0034

1   Defamation Action). In response, Debtor filed cross-claims against Fu, Chen, Lei, Wei Suen, and
2   Bryant Fu, asserting three claims involving acts committed before Debtor's December 19, 2004
3   bankruptcy petition.

4           In his cross-claim for intentional of emotional distress, Debtor alleges that, "from 2000 to
5   2010," Fu, Lei, and Chen conspired to cause Debtor extreme emotional distress by fraudulently
6   inducing Debtor to give Fu trust deeds and promissory notes, by wrongfully instigating foreclosure
7   actions on those deeds, by withholding and concealing business information, by defrauding Debtor in
8   joint development projects, by taking delivery of construction material without paying for it, and by
9   causing Debtor's bankruptcy. The cross-claim does not allege with specificity any act by defendants
10  occurring after the December 19, 2004 petition date.

11          Debtor's cross-claim for breach of fiduciary is based on a 1997 joint venture between Debtor
12  and Fu to develop real property, including the Chenery Property. The cross-complaint alleges, *inter*
13  *alia,* that "from 2002 to July 2010," Fu, Lei, and Chen acted in concert to deprive Debtor of his just
14  share of the Chenery Property sale proceeds and profits.

15          Debtor's cross-claim for fraudulent transfer vaguely alleges that, around the year 2000, Fu
16  and Lei divorced as a ploy to shield their assets from Fu's creditors. The claim further alleges that
17  Fu transferred real property to Lei at the time of their divorce, and that Fu fraudulently transferred to
18  "the other Defendants" possession of his moneys, causes of action, contacts, agreements, and other
19  properties.

20          On August 31, 2010, Chen removed the Fu Defamation Action to this court on the basis that
21  the cross-claims alleged by Debtor: (a) affect property of the estate; (b) involve prepetition claims
22  that can be brought only by Trustee; (c) attack the integrity of final judgments issued by this court;
23  and (d) are barred by the doctrines of claim and issue preclusion.

24          On September 24, 2010, Lei, Suen, and Bryant Fu filed a Rule 12(b)(6) motion to dismiss the
25  cross-claims for intentional infliction of emotional distress and breach of fiduciary duty on the bases
26  that they are barred by the statute of limitations and that they fail to allege the existence of a
27  fiduciary relationship.

28

-8-

0035

On September 28, 2010, Tony Fu filed a Rule 12(b)(6) motion to dismiss on the grounds that the counterclaims against him are barred by the statute of limitations, claim preclusion, issue preclusion, and fail to state a claim upon which relief can be granted.

On September 30, 2010, Debtor filed a motion to abstain and remand, arguing that this court lacks subject-matter jurisdiction because the claims arose postpetition.

On October 14, 2010, Chen filed a Rule 12(b)(6) motion to dismiss Debtor's cross-claims on the basis that those claims are barred by of claim preclusion, issue preclusion, and by the release contained in the settlement agreement between Chen and Trustee.

16. <u>Lei Adversary Proceeding (Adv. Proc. 10-3149)</u>

On August 27, 2010, Lei filed a complaint against Debtor in this court (the Lei Action) seeking: (1) to enjoin Debtor and Debtor's Father from asserting against her any prepetition claims released by the bankruptcy estate; (2) a judicial determination that claims asserted by Debtor and Debtor's Father in state court are prepetition claims released by the estate; and (3) damages for Debtor's alleged breach of the settlement agreement between Lei and Trustee.

The prayer in the Lei Action seeks numerous judicial determinations, including, *inter alia*: (1) that Debtor has committed fraud on the court; (2) that Debtor and Debtor's Father have no ownership in the real property at 337 28th Avenue[12] and that Debtor wrongfully placed a lien on such property; (3) that Debtor's Father has no ownership interest in the Chenery Property; (4) that Debtor's lawsuits against Lei have caused her financial and emotional harm; (5) that Debtor is in contempt of court by "again and again litigating the Chenery Project"; and (6) that Debtor has failed to obtain leave of court to sue Lei on prepetition claims that belong to the estate. The prayer also seeks attorneys fees, costs, and exemplary damages.

Debtor filed a Rule 12(b) motion to dismiss the Lei Action on the following grounds: (1) the complaint fails to state a claim for upon which relief can be granted for injunctive and declaratory relief, because this court abandoned all prepetition claims to Debtor; (2) Lei cannot

_____

[12] This real property was not scheduled by Debtor as property of the estate. Lei claims that Trustee removed a lien placed by Debtor on this real property as part of Lei's settlement with Trustee. The settlement does not mention this real property.

1  recover for damages for breach of Lei's settlement agreement with Trustee, because Debtor is not a

2  party to that agreement; (3) the court lacks subject-matter jurisdiction to determine the claims; and

3  (4) the court lacks personal jurisdiction over Debtor's Father.

4  **DISCUSSION**

5  1.  Determination to Vacate Order Abandoning Assets to Debtor

6       On June 15, 2009, this court entered an order abandoning the remaining assets of the estate to

7  Debtor. The court did so because the estate appeared to be solvent, and because Trustee did not

8  object.[14]

9       This court now determines that the order for abandonment should be vacated. As an exercise

10 of its discretion under 11 U.S.C. § 554(c), this court also determines that the prepetition claims that

11 passed to the estate on the petition date should not be abandoned to Debtor upon the closing of the

12 case. The court takes these two steps for the following reasons.

13      First, Debtor improperly attempted to assert prepetition claims that belonged to the estate

14 *after* a trustee had been appointed and *before* those claims were abandoned to Debtor. Ms. Hoskins

15 was appointed as chapter 11 trustee on May 12, 2006, and has continued to serve as the chapter 7

16 trustee since the court converted the case on September 15, 2006. Once Trustee was appointed,

17 Debtor lost all authority to bring the prepetition claims at issue. 11 U.S.C. §§ 323, 541, 704, 1106.

18 Yet after Trustee was appointed, Debtor filed at least two state court actions asserting prepetition

19 claims that could be brought only by Trustee.[15] Debtor's assertion of prepetition claims after

20 appointment of a trustee constituted a violation of the automatic stay, as it constituted an attempt to

21 exert control over property of the estate. 11 U.S.C. § 362(a)(3).

22

23      [14] As set forth above, on April 9, 2009, the court entered an order approving Trustee's
   final account and authorizing her to pay all allowed claims in full with interest. After
24  that distribution, the trustee had $380,000 in surplus funds.

25      [15] The First State Court Action was filed on July 2, 2007. The Third State Court Action was
   filed and January 24, 2008. Both of these Actions were filed after Trustee's appointment and prior
26  to this court's abandonment of prepetition claims to Debtor on June 15, 2009. Although not raised
   by the parties, the court discovered on the docket of the Second State Court Action a possible third
27  action filed by Debtor prior to entry of the order abandoning prepetition claims to him, in which
   Debtor asserts claims against Siu Ma, Charles Li, and Tony Fu based on prepetition conduct (San
28  Francisco Superior Court Case No. 08-478815). That action was filed on August 19, 2008, which is
   after appointment of the Trustee and prior to entry of the order abandoning claims to Debtor.

0037

Second, Debtor asserted prepetition claims against Lei, Suen, and Chen after those claims had been released by Trustee. With the express permission of this court, Trustee executed settlement agreements with Chen in July 2006, Suen in March 2008, and Lei in May 2008. Each of the settlement agreements contained broad releases that included all prepetition claims that had passed from Debtor to the bankruptcy estate on the petition date. Yet in March 2010, Debtor asserted prepetition claims against Lei in his second amended complaint in the Second State Court Action, and in August 2010 asserted prepetition claims against Lei, Suen, and Chen in the Fu Defamation Action.

Third, Debtor asserted prepetition claims against Fu that were barred by the Bankruptcy Court Judgment, and then asserted the same claims a second time after this court had dismissed Debtor's prepetition claims as barred. On January 8, 2008, this court dismissed with prejudice the claims that Debtor asserted against Fu in the First State Court Action (which had been removed to this court). This court determined that the claims asserted in that action concerned the Chenery Property, that those claims had been adjudicated in the Bankruptcy Court Judgment, and that those claims were thus barred by principles of claim and issue preclusion. Less than three weeks later, Debtor filed the Third State Court Action, in which Debtor once again asserted claims against Fu concerning the Chenery Street project. Debtor alleged these same claims yet again in 2010 as counterclaims to Fu's postpetition defamation claim.

Fourth, I find that the acts described above were not the product of good faith mistake. Debtor is not ignorant of the law. He attended law school, has been a member of the California Bar since December 1, 2008, and has been representing himself in this case since October 2006. The fact that Debtor's assertion of prepetition claims was wrongful in three separate ways (asserting claims that belonged to Trustee, that had been released, and that previously had been adjudicated against him) makes it difficult to find that any of the three types of wrong was the product of good faith mistake.

Fifth, it is essential to the proper administration of bankruptcy cases that a trustee have power to administer assets of the estate free from interference by the debtor. Both the estate and affected creditors will be harmed if a trustee is unable to give an effective release of claims belonging to the

-11-

0038

estate as part of a court-approved settlement. The estate will be harmed in negotiating settlements of claims belonging to the estate if a debtor is not strictly barred from asserting the same claims that have been settled by a trustee.

Sixth, Chen, Lei, Suen, and Fu have submitted their claims to this court for resolution. It is appropriate for this court to take all appropriate acts to enforce the rights those parties have established in litigation or by settlement with Trustee. I determine that it will be easier for those parties to enforce their rights against Debtor if Debtor is barred from bringing any prepetition claims that passed to the estate.[16] This is so, because it may be easier for another court in which Debtor may bring a subsequent claim to determine whether Debtor asserts claims arising before the petition date than to determine whether Debtor asserts claims barred by some other doctrine.

In determining that prepetition claims that passed to the estate should not be abandoned to this Debtor now or upon closing of the case, I note and rely upon the misconduct described above, the lack of any reason to believe that the acts in question were the result of a good faith mistake, the deterrent effect on Debtor and others that may result from barring abandonment of the claims to Debtor, and the ease in enforcement of their rights that may accrue to the parties most aggrieved by Debtor's misconduct (Chen, Lei, Suen, and Tony Fu) as a result of barring such abandonment.

2. Debtor's Motion to Dismiss the Lei Action

In Lei v. Yan, Adv. Proc. No. 10-3149, the court currently has before it Debtor/Defendant Yan's Rule 7012(b) motion to dismiss.

The court denies Debtor's motion to dismiss for lack of subject-matter jurisdiction, denies Debtor's motion to dismiss the claims for injunctive and declaratory relief for failure to state a claim, and grants Debtor's motion to dismiss Lei's claim for damages to the extent that claim depends upon Trustee's settlement agreement with Lei.

a. Subject-Matter Jurisdiction

This court has "related to," "arising in," and "arising under" jurisdiction to determine Lei's affirmative claims for injunctive relief, declaratory judgment, and damages. 28 U.S.C. § 1334(b).

---

[16] Chen, Lei, Suen, and Fu are barred from asserting prepetition claims against Debtor by virtue of the discharge Debtor was granted on June 26, 2007. There is no evidence before the court that these creditors have in any way violated that discharge.

-12-

0039

1  The court has "related to" jurisdiction over these claims, because their adjudication requires
2  this court to determine whether the legal claims Debtor asserts against Lei in various state-court
3  actions arose prepetition and passed to the bankruptcy estate pursuant to 11 U.S.C. § 541. The
4  resolution of legal claims owned by the estate conceivably could have an effect on the estate's rights
5  and liabilities. Fietz v. Great Western Savings (In re Fietz), 852 F.2d 455, 457-58 (9th Cir. 1988);
6  Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d. Cir. 1984).
7       The court has "arising in," and "arising under," jurisdiction over the claims for relief brought
8  by Lei, because Trustee's power to administer the estate includes the power to settle prepetition
9  claims of Debtor that pass to the estate, because it is essential to the *effective* administration of the
10  estate that Trustee be able to prevent Debtor from prosecuting claims that have settled by Trustee,
11  and because section 105 of the Bankruptcy Code provides that a bankruptcy court may issue any
12  order necessary or appropriate to carry out the provisions of the Bankruptcy Code.
13       b. Claims for Injunctive and Declaratory Relief
14       The court denies Debtor's motion to dismiss Lei's claims for injunctive and declaratory
15  relief. The claim for injunctive relief states a claim upon which relief can be granted, because the
16  complaint alleges that Debtor is attempting to prosecute against Lei prepetition legal claims that
17  passed to the bankruptcy estate and were released by the trustee. The claim for declaratory relief
18  states a claim upon which relief can be granted, because the complaint alleges that a dispute
19  currently exists between Lei and Debtor regarding whether the state-court actions Debtor is pursuing
20  assert prepetition claims of Debtor that became property of the bankruptcy estate and were released
21  by Trustee.[17]
22
23
24
25
_____
26  [17] The court does not enter injunctive and declaratory relief at this time, because the only
    motion pending before the court is Debtor's Rule 12(b)(6) motion to dismiss. The court notes,
27  however, that such relief would likely to granted on summary judgment, because there appears to be
    no dispute regarding the validity or scope of the release, and because Debtor's pleadings in the State
28  Court Actions and the Fu Defamation Action indicate that Debtor is asserting prepetition claims that
    have been released by Trustee.

-13-

0040

### c. Claim for Damages for Breach of the Settlement Agreement

The court grants with prejudice Debtor's motion to dismiss Lei's claims for damages to the extent the claim for damages is based upon Debtor's breach of the settlement agreement, because Debtor was not a party to the settlement agreement Lei seeks to enforce.[18]

### 3. Fu Defamation Action: Motions to Dismiss Cross-Claims; Motion to Remand

In Fu v. Yan, Adv. Proc. No. 3152, the court currently has before it motions by cross-defendants Chen, Lei, Suen, Tony Fu, and Bryant Fu to dismiss Debtor's cross claims for failure to state a claim upon which relief can be granted. The court also has before it Debtor's motion to remand the Fu Defamation Action to state court.

The court construes the motions of Chen, Lei, and Suen as motions for summary judgment, because their motions rely upon the release of claims granted by Trustee and approved by this court, and because the release and order are not incorporated by reference into the cross complaint.[19] The court grants the motions for summary judgment, because the cross-complaint itself reveals that it asserts prepetition claims, and because Trustee's release of such claims is a matter of public record. The court grants Tony Fu's motion to dismiss Debtor's counterclaims against him, because those claims are barred by principles of issue and claim preclusion, and because the counterclaims assert prepetition claims that passed to the bankruptcy estate and can be prosecuted only by Trustee. The court grants Bryant Fu's motion to dismiss, on the basis that the cross-claim against him is also a prepetition claim that can be prosecuted only by Trustee.

---

[18] The complaint attaches the settlement agreement and related order as exhibits. In ruling upon a motion to dismiss, the court may consider the contents of these documents, because the authenticity of the documents is not contested. Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds in Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002)). The court may consider such documents without converting the motion to dismiss into a motion for summary judgment. Knievel v. ESPN, 393 F.3d 1068, 1076-66 (9th Cir. 2005).

[19] Only Chen moved to dismiss the cross claims on the basis of the release. Because the court grants the motions to dismiss with leave to amend, and because Trustee's releases of claims against Lei and Suen are similar to Trustee's release of claims against Chen, the court raises on its own motion the effect of Trustee's releases of Lei and Suen.

-14-

0041